**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

G.M. SIGN, INC., an Illinois corporation,
individually and on behalf of a class of
similarly-situated persons,

                       Plaintiff,

   vs.

DELTA SCREW COMPANY, INC.,

                    Defendant.

```
FILED: MARCH 2, 2009
09CV1318
JUDGE KENNELLY
MAGISTRATE JUDGE VALDEZ
AO
```

Case No.

Judge:
Magistrate:

## <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant, Delta Screw Company, Inc.("Defendant"), hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1441 and 1446.

### <u>Case History</u>

1.     On February 4, 2009, Plaintiff, G.M. Sign, Inc. ("Plaintiff"), initiated a class action in the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois entitled G.M. Sign, Inc., individually, and as representative of a class of similarly-situated persons vs. Delta Screw Company, Inc., Case Number 09 CH 600 (the "State Court Action").

2.     The Summons and Complaint in the State Court Action, along with a Motion for Class Certification, were served upon Defendant on February 6, 2009. This removal is timely under 28 U.S.C. § 1446(b).

3.     True and correct copies of the Summons, Complaint and Plaintiff's Motion for Class Certification in the State Court Action are attached hereto as Group Exhibit A. Group

Exhibit A constitutes all process and pleadings with which Defendant was served regarding the State Court Action. Plaintiff did not respond to the Complaint in the State Court Action.

4.       The Complaint in the State Court Action alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Count I), conversion (Count II) and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2 ("ICFA") (Count III). These claims are based upon Plaintiff's allegations that on or about December 28, 2005, Defendant faxed unsolicited advertisements to it and more than 39 other recipients without first receiving the recipients' express permission or invitation. Because Plaintiff's allegations in Count I of the Complaint are predicated on rights governed by federal law, they present a federal question permitting removal of the State Court Action to this Court.

**Removal Jurisdiction**

5.       Defendant hereby removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1441. Removal is based upon federal question jurisdiction.

6.       This Court has original jurisdiction over Count I of the State Court Action pursuant to 28 U.S.C. § 1331 because Count I of the Complaint alleges a claim for violation of a federal law, the Telephone Consumer Protection Act, 47 U.S.C. § 227. Because this Court has original jurisdiction over such claims pursuant to 28 U.S.C. § 1331, this action may be removed under 28 U.S.C. § 1441 (a).

7.       Plaintiff asserts in the Complaint filed in the State Court Action at paragraph 8 that federal jurisdiction does not exist because no federal question or claim is asserted. However, this assertion is incorrect, as the Seventh Circuit in *Brill v. Countrywide Home Loans, Inc.* held that removal of a claim asserted under the TCPA is authorized by 28 U.S.C. § 1441

because the claim arises under federal law. 427 F.3d 446, 451 (7th Cir. 2005). Section 1441(a) removal of a TCPA claim is available because "a claim that a business violated the Telephone Consumer Protection Act arises under federal law." *Id.* at 450.

8.      This Court has supplemental jurisdiction over Plaintiff's conversion and ICFA claims (Counts II and III of the State Court Action) pursuant to 28 U.S.C. § 1367(a). These claims are so related to the TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution. Counts II and III of Plaintiff's Complaint are removable pursuant to 28 U.S.C. § 1441(c) because they are joined with Plaintiff's TCPA claim, over which this Court has original jurisdiction under 28 U.S.C. § 1331.

9.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will serve a copy of it upon Plaintiff's attorneys and will file a copy with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois.

10.      This action is properly removed to this Court under 28 U.S.C. § 1446(a) because the State Court Action is pending in Lake County, Illinois, which lies within this District and Division.

DATED: March 2, 2009

                                                    Respectfully submitted,

                                                    DELTA SCREW COMPANY, INC.


                                                    By:      /s// Peter J. Miller_____
                                                                    One of Its Attorneys


Peter J. Miller
Gordon & Rappold LLC
20 South Clark Street, Suite 2600
Chicago, Illinois 60603
312-332-5200